**D. H. OVERMYER WAREHOUSE CO., Inc., Plaintiff-Appellee,**

v.

**Robert E. LEHMANN and Fearing, Inc., Defendants-Appellants.**

No. 17668.

United States Court of Appeals Sixth Circuit.

May 9, 1968.

Robert Dorrell, Toledo, Ohio, Reams, Bretherton & Neipp, Toledo, Ohio, on brief, for appellants.

Russell Morton Brown, Washington, D. C., Brown, Goodpasture & Block, Washington, D. C., Thomas E. Weisenburger, Cline, Bischoff & Cook, Toledo, Ohio, Edmund M. Connery, General Counsel, D. H. Overmyer Warehouse Co., Inc., New York City, on brief, for appellee.

Before O'SULLIVAN and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Plaintiff sued for damages for breach of contract, claiming that its predecessor and defendant Lehmann entered into a lease agreement, which Lehmann afterward assigned to defendant Fearing, Inc., whereby defendants agreed to build a warehouse and office building in accordance with written plans and specifications, and rent it to the plaintiff for fifteen years, during which plaintiff had the option to buy it.

On September 22, 1960, plaintiff took possession and performed all its obligations under the lease. It claimed, however, that defendants did not construct the building in accordance with the plans and specifications, as a result of which the building was unsafe for occupancy, and plaintiff was forced to move out at large expense after expending considerable money to try to remedy the defects in order to bring the building into conformity with the contract.

The defendants, on the other hand, claim plaintiff moved out of the building without just cause; that the building was constructed in accordance with plans and specifications approved by the City Building Inspection Department and that the construction was supervised by plaintiff's own architect and engineer; and that it was plaintiff's fault if there were any defects in the construction of the building.

Defendants claim that the plaintiff did not pay the rent, taxes, and insurance which, by the contract, it had agreed to pay; and that during plaintiff's occupancy, it had damaged the building to such an extent that defendants were obliged to expend considerable sums to repair it. There were, then, actually before the District Court two separate lawsuits in one case—the plaintiff's suit against the defendants, and the defendants' suit against the plaintiff.

The first issue, as stated by the court, was whether or not there was a contract between the parties. The second issue was, assuming there was a contract, whether it was broken by the party against whom the claim was made. The third issue was that, if there was a contract between the parties which was broken by the party against whom the claim was made, what damages would the party making the claim suffer as a result of the breach of the contract.

It appeared that a rather detailed written agreement was entered into by the parties and that, as a part thereof, the law automatically inserted therein the provisions of the City of Toledo Building Code; and that building code became as binding upon the parties as if it had been written into the agreement in so many words.

The District Court left to the jury as matters of fact the determination whether or not the provisions of the city's building code were complied with in the design and construction of the building; and the court instructed the jury that if it found that the building was constructed in accordance with the laws and regulations covering the construction of such buildings, and so constructed as to be safe to use in the manner and for the purposes for which it was intended, its finding must be in favor of the defendants. On the other hand, the court instructed the jury that if it found that the building was not constructed in accordance with the laws and regulations, or if it found that it was so constructed as to be unsafe for use, they must then proceed to the question whether it had been built substantially in conformity with the plans and specifications fur-

nished by, or approved by, the plaintiff, or whether the construction was approved by the engineer employed by the plaintiff to oversee the construction. The court stated that if the jury found that even though the building did not conform to the building laws and regulations, or was unsafe, if it nevertheless substantially conformed to plans and specifications furnished or approved by the plaintiff or by the engineer employed by the plaintiff to oversee the construction, then its finding must be for the defendants; but, if the construction of the building did not substantially conform to plaintiff's plans and specifications, or was not approved by plaintiff's supervising engineer at the time the building was constructed, then the finding of the jury must be in favor of the plaintiff.

The District Court further went on to tell the jury that if its finding upon these two last questions was in favor of plaintiff, the plaintiff would not be liable to the defendants for the balance of the rent, or future taxes, insurance, and other sums due the defendants under the provisions of the lease; and that its verdict should be in favor of the plaintiff.

The building constructed by defendants was found by the authorities of the Department of Public Safety of the City of Toledo to be structurally unsound and in an unsafe condition, hazardous to the occupants thereof; and, as a result, the City of Toledo ordered plaintiff to vacate the premises forthwith; and, although the plaintiff sought to remain in possession and to assure the correction of the unsafe condition, the City of Toledo, by court action, compelled plaintiff to vacate the building.

Although a number of legal propositions were presented by counsel on appeal, the determining issues in this case rested upon the resolution of questions of fact. These were properly submitted to the jury, which, by its verdict, determined them in favor of the plaintiff.

Defendants complain of certain statements of the court to the jury in reply to questions asked by members of the jury after the case had been first submitted to them. These statements of the court embodied matters relating to breach of contract and waiver. There were no objections or exceptions made to the court's statements by counsel for defendants and, in the light of its prior instructions, as well as the evidence, and the inconsequential nature of the matter complained of, we find no reversible error.

Other matters discussed by counsel we find not meritorious.

In accordance with the foregoing, the judgment of the District Court is affirmed.